IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KATHY ROGERS,

    Plaintiff,

    v.

STATE OF OREGON; TEACHER STANDARDS AND PRACTICES COMMISSON; VICKI CHAMBERLAIN, and KEITH MENK, individually and in their official capacity under color of state law,

    Defendants.
_____

Case No. 6:14-cv-0005

OPINION AND ORDER

MCSHANE, Judge:

    Defendants move to dismiss claims three through thirteen for failure to state a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). Defendants' motion is GRANTED in part, and DENIED in part.

1 – OPINION AND ORDER

## BACKGROUND[1]

Between February 2005 through late 2010, plaintiff intermittently took time off to treat a chronic medical condition. In October 2011, plaintiff became involved in the unionization process of SEIU Local 503. Aware of plaintiff's activities in the organization, defendants strongly opposed her involvement and became more hostile toward plaintiff. This hostility included the defendants' treatment of plaintiff's leave requests related to her medical condition. In December 2011, plaintiff again required time off work for further testing of her condition. In March 2012, plaintiff provided defendants with a medical note stating that she would be released to full time work after a "ramp-up" period. Although full time, she would need medical treatment, estimated to occur 3-4 times a month for acute flare ups. Defendants denied plaintiff's return to work due to insufficient information regarding the precise limitations and the lack of a specific return date as a full time employee. Defendants informed plaintiff that her work restrictions would not be accommodated because the 3-4 days off work each month as stated in the medical release would result in an indefinite 32 hour work week and permit plaintiff to work from home one day per week. For the next two months, the plaintiff provided further documentation with detailed limitations and accommodations for her return to work. This changed the plaintiff's return to work plan for the period of June 13 to July 9, 2012. In July 2012, the plaintiff returned to full time work. In early October, 2012, defendants informed plaintiff that she would be laid off according to the collective bargaining agreement as of October 19, 2012. Defendants have not reinstated plaintiff's employment.

---

[1] The following facts are drawn from the complaint and are assumed to be true for the purposes of this opinion.

2 – OPINION AND ORDER

**STANDARDS**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678. While considering a motion to dismiss, the court must accept all allegations of material fact as true and construe them in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000).

**DISCUSSION**

**I.    Plaintiff's state law claims are dismissed without prejudice**

The Eleventh Amendment provides the states with "sovereign immunity" allowing a state immunity from suit, whether by its own citizens or those of another state, without its consent. U.S. Const. amend. XI; *Va. Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1637 (2011). Absent a waiver, or congressional abrogation, the courts cannot entertain an individual's suit against a state. *Id.* at 1638. The State must choose to assert this defense and, without such assertion, a court can ignore it. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998).

The state raises this defense and the parties agree the Eleventh Amendment bars plaintiff's state claims. Plaintiff asks this court to exercise supplemental jurisdiction over the state law claims for purposes of judicial economy. But plaintiff cites no caselaw, and I am aware of none, in support of the proposition that a district court can exercise supplemental jurisdiction over claims barred by the Eleventh Amendment. The court lacks jurisdiction over plaintiff's state

law claims and those claims are dismissed without prejudice. *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999).

## II.   Plaintiff's substantive due process claims fail as a matter of law

Plaintiff's third claim for relief is based upon the theory that plaintiff had a protected property interest in her public employment. The Ninth Circuit, in *Engquist v. Or. Dep't of Agric.*, recognized a two tiered approach to substantive due process public employment claims. 478 F.3d 985, 996-97 (9th Cir. 2007). A threshold requirement is the showing of a property interest protected by the Constitution. *Id*. at 996. Plaintiff's claims fail to make this showing.

The liberty guaranteed by the Fourteenth Amendment "denotes not merely freedom from bodily restraint but also the right . . . to engage in any of the common occupations of life[.]" *Meyer v. Nebraska* , 262 U.S. 390, 399 (1923). While there is a generalized right to choose one's field of employment, the right is still subject to reasonable government regulation and has never been considered fundamental. *Conn. v. Gabbert*, 526 U.S. 286, 291-292 (1999); *Sagnana v. Tenorio*, 384 F.3d 731, 743 (9th Cir. 2004). A claim challenging the infringement of non-fundamental rights is "cognizable only if there is a recognized liberty or property interest at stake." *Sagnana*, 384 F.3d at 742-43.

The right to a particular public employment position is somewhat of an open question in the Ninth Circuit. *Engquist*, 478 F.3d at 997. As recognized by the Ninth Circuit, however, each court examining the availability of a substantive due process claim in the public employment context recognize not a right to any particular job or position, but only to "a liberty interest in pursuing an occupation of one's choice." *Id*. In the Ninth Circuit, substantive due process claims in the public employment context are limited to "extreme cases, such as a government blacklist,

4 – OPINION AND ORDER

which when circulated or otherwise publicized to prospective employers effectively excludes the blacklisted individual from his occupation, much as if the government had yanked the license of an individual in an occupation that requires licensure." *Id*. at 997-97 (internal quotation omitted). In other words, the Ninth Circuit tracks the conclusions of "the great majority" of other courts to examine the issue, which have rejected a constitutional right to continued public employment in a particular position. *See, e.g*, *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 142-43 (3rd Cir. 2000).

Plaintiff alleges she lost her job. There are no allegations that plaintiff was blacklisted or in any way prevented from continuing her profession with another employer. Because there is no substantive due process right to a specific job or position, defendants' motion to dismiss this claim is GRANTED. *See Dunn v. Reynolds Sch. Dist. No. 7*, 2010 WL 4718781 * 12 (D. Or.).

### III.    Plaintiff's ADA and FMLA claims

Plaintiff brings her ADA and FMLA claims against TSPC and defendants Chamberlain and Menk in their official capacities. Defendants raise the defense of sovereign immunity. Plaintiff concedes the state is immune from money damages but argues prospective injunctive relief against the individually named defendants is available under *Ex parte Young*, 209 U.S. 123 (1908). The *Ex party Young* exception to Eleventh Amendment immunity is a narrow one. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). This exception applies only to prospective injunctive relief, and does not allow actions against officials for past violations of federal law. *Id*.

Plaintiff concedes she seeks no monetary damages in the ADA or FMLA claims. Although it is unclear if all the relief sought is available, plaintiff seeks reinstatement, which is a form of prospective injunctive relief. *See Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 841 (9th Cir. 1997) (listing "overwhelming" support in other circuits that "job reinstatement

5 – OPINION AND ORDER

constitutes prospective injunctive relief" and holding § 1983 action seeking reinstatement fell under *Ex parte Young* exception to Eleventh Amendment immunity). At least in regard to plaintiff's reinstatement, the relief sought is potentially available under *Ex parte Young,* which merely requires the court to inquire whether the "complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland, Inc. v. Public Service Comm'n of Maryland*, 535 U.S. 635, 645 (2002). Bringing claims against state officers in their official capacities is allowable under the *Ex parte Young* doctrine. *Id.*; *Prowell v. Oregon*, 2003 WL 23537979 *5-6 (allowing plaintiff leave to name officers in their official capacities in ADA claim brought under *Ex parte Young* doctrine); *Cimerman v. Cook¸* 2014 WL 1282459 *2 ("This court has held that claims against state officials in their official capacity seeking equitable, prospective relief in the form of reinstatement to enforce their purported FMLA rights to self-car leave are permissible under the *Ex parte Young* exception to the Eleventh Amendment.").

The parties dispute whether plaintiff requested a part-time position and, if so, whether the ADA claims can proceed as a matter of law. Of course defendants also deny they violated the FMLA. Those disputes, however, are more appropriate for resolution at summary judgment as opposed to a motion to dismiss. The court found no cases holding ADA or FMLA claims solely seeking reinstatement fall outside of the *Ex parte Young* doctrine's exception to Eleventh Amendment immunity. To the extent plaintiff seeks prospective injunctive relief against the individual defendants in their official capacities, defendants' motion to dismiss the ADA and FMLA claims is DENIED.

/ / / /

/ / / /

6 – OPINION AND ORDER

## CONCLUSION

Defendants' motion to dismiss, ECF No. 8, is GRANTED in part, and DENIED in part. Within 14 days, the parties shall submit a joint status report with a suggested schedule for the remaining claims.

IT IS SO ORDERED.

DATED this 14th day of July, 2014.

           _____/s/ Micahel J. McShane_____
              Michael McShane
             United States District Judge